UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RHONDA RANKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-885(CEJ) |
| ) | |
| NATIONAL CREDIT WORKS II, LLC, ) | |
| and GREGORY C. EMMINGER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment against defendants National Credit Works II, LLC, (NCW) and Gregory G. Emminger, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiff brings this action to recover damages for defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (FDCPA). The summons and a copy of the complaint were served on defendants on May 27, 2011 and May 31, 2011. Defendants did not file an answer or other responsive pleading and, on July 6, 2011, the Clerk of Court entered default against defendants.

### I. Background

Plaintiff alleges that defendant NCW is engaged in the business of collecting debts owed to third parties. Plaintiff further alleges that defendant Gregory G. Emminger acted as an owner, officer, director, manager and/or agent of National Credit Works and was vested with the responsibility to manage the NCW employees who attempted to collect a debt from plaintiff.

Plaintiff claims that NCW employees committed the following acts in violation of the FDCPA:

1. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's names and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

2. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

3. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by plaintiff and said attorney has not consented for NCW to have direct communication with plaintiff in violation of 15 U.S.C. §1692c(a)(2);

4. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

5. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C.§ 1692e;

6. Falsely represented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A);

7. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

8. Used false representations or deceptive means to attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. § 1692e(10);

9. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C.§ 1692e(11);

10. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C.§ 1692f;

11. Failed to comply with the provisions of 15 U.S.C. § 1692g(a);

12. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

Plaintiff alleges that these actions caused her personal humiliation, embarrassment, mental anguish, and emotional distress.

In an affidavit submitted in support of her motion for default judgment, plaintiff states that NCW first contacted her on February 8, 2011. The caller left a voicemail message at plaintiff's place of employment. The caller stated that he was calling on behalf of the "firm of NCW" and that a complaint had been filed against plaintiff. The caller informed plaintiff that her attorney should contact NCW and ask for the arbitration division. The caller failed to state that the purpose of the call was to collect a debt and that any information would be used for that purpose. Plaintiff returned the call and informed NCW that her employer prohibited her from receiving calls from NCW, and instructed the company to contact her attorney with respect to the debt it was trying to collect. Plaintiff also provided her attorney's name and telephone number. Nevertheless, on February 14, 2011, NCW called plaintiff again at her place of employment. NCW did not identify itself as a debt collector nor did it state that the purpose of the call was to collect a debt. Instead, the caller stated that he was calling from "the firm of NCW" and told plaintiff that she must speak to the "arbitration division." The caller also stated that a complaint had been filed against plaintiff. Plaintiff claims that NCW's statements led her to believe that a lawsuit had been filed against her.

Plaintiff filed this action on May 23, 2011. She seeks actual damages in the amount of $4,500.00, statutory damages in the amount of $1,000.00, and attorneys' fees and costs in the amount of $3,095.00.

**II.** **Discussion**

In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors," § 1692(a), and debt collectors are liable for failure to comply with "any provision" of the Act. § 1692k(a). The FDCPA prohibits a debt collector from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d; using "any false, deceptive, or misleading representation or means," 15 U.S.C. § 1692e; and using "unfair or unconscionable means" to collect any debt, 15 U.S.C. § 1692f. In determining whether a debt-collection communication was false, deceptive, misleading, unfair, or unconscionable, the communication must be viewed through the eyes of an unsophisticated consumer. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-18 (8th Cir. 2004); Peters v. General Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). Any debt collector who fails to comply with any provision of the FDCPA is liable for "actual damages sustained by such person," "such additional damages as the court may allow, but not exceeding $1,000," and, in a successful action to enforce the FDCPA, "the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a)(1)-(3). In determining the amount of liability, the Court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Based on the factual allegations of the complaint (which the defendants have admitted by virtue of their default) and the facts presented in plaintiff's affidavit, the Court finds that the defendants have violated provisions of the FDCPA.

The FDCPA provides for statutory damages in an amount up to $1,000.00 for each lawsuit in addition to any actual damages. 15 U.S.C. § 1692k(a)(2)(A). See Wright v. Finance Serv. of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation"). In determining the amount of statutory damages to be awarded in a particular case, a court shall consider, among other factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

In this case, plaintiff had two telephone contacts with NCW. One of those contacts occurred after plaintiff told a NCW representative that she was represented by counsel and that she was not permitted to receive calls from NCW at work. Despite receiving that information, NCW continued to contact plaintiff directly at her place of employment. Furthermore, NCW told plaintiff that a claim had been filed against her and that she must talk to the "arbitration division." NCW never told plaintiff that the purpose of its calls was to collect a debt. Under these circumstances, the Court concludes that plaintiff is entitled to $1,000.00 in statutory damages. See Jenkins v. Eastern Asset Mgmt., LLC, 4:08-CV-1032 (CAS) (E.D. Mo. Aug. 19, 2009) (awarding $1,000.00 statutory damages where defendant called plaintiff at work five times in one week despite being told that plaintiff could not receive calls at work).

Plaintiff seeks $4,500.00 in actual damages. "Actual damages" under the FDCPA include damages for embarrassment and emotional distress. Thomas v. Smith, Dean

5

& Assocs., Inc., 2011 WL 2730787, at *3 (D. Md. 2011) (listing cases). Plaintiff states in her affidavit that NCW's statements caused her to believe that she was dealing with a law firm and that a lawsuit had been filed against her. She states that she was panicked, embarrassed and stressed. As a result of the stress she suffered, plaintiff became irritable and isolated herself from friends and family. She could not sleep at night and experienced headaches, nausea, and pain in her neck, shoulder, and back. Plaintiff states that she went to a doctor for her physical pain and to a psychiatrist for her stress and anxiety. Based on the evidence submitted, the Court concludes that plaintiff is entitled to an award of actual damages. Further, the evidence and the cases cited by plaintiff in her motion for default judgment lead the Court to conclude that the amount of actual damages plaintiff requests is reasonable. See Chiverton v. Federal Fin. Group, Inc., 399 F.Supp.2d 96, 102 (D. Conn. 2005) (awarding $5,000.00 in actual damages for consumer's emotional distress resulting from debt collector's collection practices, which included repeated telephone calls to consumer's workplace despite consumer's request that they stop, which led consumer to fear for his job and possible promotion, as well as directly contacting consumer's supervisor).

Plaintiff's counsel has submitted an affidavit detailing the tasks completed in the handling of this case. Upon review, the Court finds that the number of hours expended and the hourly rates for each attorney are reasonable, and thus the Court will award plaintiff $2,645.00 in attorney's fees plus $450.00 for the costs of filing the complaint and serving the summonses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #14] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　CAROL E. JACKSON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2011.